[Civ. No. 23350. First Dist., Div. Four. Feb. 26, 1971.]

PENINSULA ACTIVITIES, INC., Cross-complainant and Appellant, v. BURLINGAME MOTOR COMPANY, INC., Cross-defendant and Respondent.

## COUNSEL

Hanna & Brophy and Donald R. Brophy for Cross-complainant and Appellant.

Maloney, Chase, Fisher & Hurst and Harold J. Chase for Cross-defendant and Respondent.

## OPINION

**DEVINE, P. J.**—This appeal is from a judgment of dismissal following an order sustaining a demurrer to a third amended cross-complaint. The basic action is the same as that in which we have affirmed the judgment on the cross-complaint of *Burlingame Motor Co.* v. *Peninsula Activities, Inc.,* 1 Civil 26297 *ante,* p. 656 [93 Cal.Rptr. 376]. Now we have before us the subject of Peninsula Activities' cross-action on implied indemnity against Burlingame Motors. Regardless of the arguments about premature appeal and perhaps other procedural matters, we are disposed to go to the vitals of this intricate case.

The jury found that negligence on the part of Peninsula Activities was a proximate cause of the plaintiff's injuries. The negligence unquestionably was of the affirmative kind, because Mr. Bullis, who was president of Peninsula Activities, Inc. as well as of Dick Bullis, Inc., actually approved the fatuous taping of the wires and later, while Peninsula Activities was still sublessee, moved the paint shop into the area. The third amended cross-complaint alleges that Peninsula Activities had ended its tenancy before any dangerous condition was created. The final judgment upon the jury's verdict in the personal injury action disposes of this allegation. (See *Freightliner Corp.* v. *Rockwell-Standard Corp.,* 2 Cal.App.3d 115, 119-120 [82 Cal.Rptr. 439].)

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.